Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 880 | **DATE** | 3/13/2000 |
| **CASE TITLE** | In Re: In Re: Bank One Shareholders | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Order. Accordingly all prospective plaintiffs' counsel who have submitted bids will be expected to file responses to defendants' Rule 12(b)(6) motion. This Court expects at the presentment date in inquire on that subject and to set a reasonable short time rom within which Bank One's counsel can provide such an estimate (without, of course, prejudice to their position that no potential liability to the putative plaintiff class exists).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAR 1 4 2000 date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | 3/13/2000 date mailed notice | |
| SN courtroom deputy's initials | | SN mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                      )
                                            )
BANK ONE SHAREHOLDERS CLASS ACTIONS)
_____)
                                            )    No.  00 C 880
JOHN B. McCOY, THOMAS E. REILLY,   )
JR., RICHARD J. LEHMANN, DAVID J.  )
VITALE, RICHARD W. VAGUE, ROBERT A.)
ROSHOLT, FIRST USA BANK, N.A. and  )
BANK ONE CORP.,                    )
                                            )
                Defendants.        )

DOCKETED
MAR 1 4 2000

MEMORANDUM ORDER

During a brief hearing late last week on another aspect of this putative securities class action litigation, counsel for defendants advised that they intended to file a Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss the Consolidated Class Action Complaint ("Complaint"). At that time this Court indicated that given the imminent receipt of bids for potential legal representation of the plaintiff class, it would seem sensible to defer further briefing on that motion until the issue of such class representation had been resolved.

But on March 10, 2000 this Court received not only the several bids by plaintiffs' counsel seeking such representation (that was the due date established by this Court's prior order in that respect) but also defendants' Rule 12(b)(6) motion to

dismiss, with a notice scheduling the motion for presentment on March 15. On review of the opposing sides' submissions--both the several bids and the Rule 12(b)(6) motion and its supporting Memorandum of Law-- this Court has concluded that sound reasons call for establishing a different procedure:

1. In light of the serious questions raised by the motion, it seems inappropriate to saddle a single law firm with the burden of response. As anticipated, all of the bids have made the payment of any attorneys' fees contingent on a successful recovery, so that the notion of "rewarding" a "successful" bidder with the sole obligation to respond to what might turn out to be a dispositive motion dismissing the action seems anomalous.

2. Accordingly <u>all</u> prospective plaintiffs' counsel who have submitted bids will be expected to file responses to defendants' Rule 12(b)(6) motion.[1] Because this Court cannot anticipate how many plaintiffs' counsel had planned

---

[1] This does not go beyond the commitment that was implicitly made in the first instance by each of the bidding firms, all of whom had initially seen fit to file one or more putative class actions to begin with, before those actions were superseded by the present Complaint. Indeed, if any of the non-bidding plaintiffs' firms or individual counsel (all of whom are also listed as counsel in Complaint Ex. B) wish to respond to the motion, of course they have standing to do so as well.

to attend or participate at the time set by defense counsel for presentment of defendants' motion, each plaintiff's counsel should be prepared (either directly or through a representative) to advise--at or before that presentment date--of the time that would be reasonably required for such response.

3. In the meantime, an effective comparison of the bids received requires some further information as to the possible scope of recovery if the action were to prove successful. Although certain of the bids provide some suggested numbers in these respects, this Court has no definitive information (a) as to the volume of purchases of Bank One shares during the putative class period of October 22, 1998 to November 10, 1999 or (b) as to the potential scope of prospective damages based on those purchases and on the subsequent declines in stock values that form the gravamen of the Complaint. It would seem most likely that such information (or more accurately, the ability to provide a reasonable estimate) is readily available to Bank One's counsel. Accordingly this Court expects at the presentment date to inquire on that subject and to set a reasonably short time frame within which Bank One's counsel can provide

3

such an estimate (without, of course, prejudice to their position that no potential liability to the putative plaintiff class exists).

_____
Milton I. Shadur
Senior United States District Judge

Date: March 13, 2000